UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          **ECF Case**
ANDREWS INTERNATIONAL, INC.,

      Plaintiff,       **08 CV 01580
(HB)**

  - against -         **<u>ANSWER</u>**

NEW YORK CITY HOUSING AUTHORITY,

      Defendant.
-------------------------------------------------------------X


  Defendant New York City Housing Authority ("NYCHA"), by its attorney Ricardo

Elias Morales, General Counsel, answers the amended complaint herein as follows:

  1.  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 1.

  2.  Admits the allegations in paragraph 2.

  3.  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 3.

  4.  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 4, except admits that NYCHA resides in this judicial district and that a

substantial part of the events giving rise to this action occurred in this judicial district.

  5.  Denies the allegations in paragraph 5, except admits that on or about February

28, 2005, NYCHA entered into Agreement # 4020633 ("the Agreement") with Copstat Security

L.L.C. ("Copstat"), and that Exhibit A of the complaint contains a true and correct copy of that

Agreement, and respectfully refers the Court to the Agreement for a full and accurate statement of its contents.

6.  Denies the allegations in paragraph 6, except admits that NYCHA drafted the Agreement except for Exhibits 1 and 3 thereto.

7.  Denies the allegations in paragraph 7, and respectfully refers the Court to Articles 2 and 3 of the Agreement for a full and accurate statement of the provisions regarding the term of the Agreement.

8.  Denies the allegations in paragraph 8, except admits that NYCHA agreed to compensate Copstat for services provided in accordance with the Agreement.

9.  Denies the allegations in paragraph 9.

10.  Denies the allegations in paragraph 10, except admits that in 2007, Andrews sent NYCHA invoices for services under the Agreement.

11.  Denies the allegations in paragraph 11.

12.  Denies the allegations in paragraph 12, except admits upon information and belief that plaintiff did not have any contact with Mr. O'Hagan until March 2007.

13.  Admits the allegations in paragraph 13.

14.  Denies the allegations in paragraph 14, except admits that NYCHA asked Andrews to execute an Amendment to the Agreement extending the Agreement from March 1, 2007, through June 22, 2007, and that NYCHA drafted the Amendment.

15.  Denies the allegations in paragraph 15, except admits that plaintiff executed the Amendment, and that Exhibit B of the complaint contains a true and correct copy of the Amendment.

- 2 -

16.     Admits the allegations in paragraph 16.

17.     Denies the allegations in paragraph 17.

18.     Denies the allegations in paragraph 18.

19.     Denies the allegations in paragraph 19, except admits that NYCHA remitted payment to Andrews for invoices dated in January, February and April 2007, and that NYCHA paid Andrews less than the amounts of the invoices.

20.     Denies the allegations in paragraph 20, except admits that Andrews sent NYCHA a letter dated June 29, 2007, claiming underpayments, and respectfully refers the Court to the letter for a full and accurate statement of its contents.

21.     Denies the allegations in paragraph 21, except admits that Patrick O'Hagan sent Andrews a letter dated July 16, 2007, and respectfully refers the Court to the letter for a full and accurate statement of its contents.

22.     Denies the allegations in paragraph 22, except admits that Andrews sent NYCHA a letter dated July 20, 2007, and respectfully refers the Court to the letter for a full and accurate statement of its contents.

23.     Denies the allegations in paragraph 23.

24.     Denies the allegations in paragraph 24, except admits that Andrews sent NYCHA a letter dated July 30, 2007, and respectfully refers the Court to the letter for a full and accurate statement of its contents.

25.    Denies the allegations in paragraph 25, except admits that Andrews sent NYCHA a letter dated August 2, 2007, and respectfully refers the Court to the letter for a full and accurate statement of its contents.

26.    Denies the allegations in paragraph 26, except admits that pursuant to the Agreement, NYCHA deducted liquidated damages from payments to Andrews in July, August and September 2007.

27.    Denies the allegations in paragraph 27, except admits that more than 30 days have elapsed since Andrews demanded payment from NYCHA.

28.    Denies the allegations in paragraph 28.

29.    With respect to paragraph 29 of the complaint, NYCHA repeats and realleges the answers in paragraphs 1-28 of this Answer, as if fully set forth here.

30.    Denies the allegations in paragraph 30.

31.    Denies the allegations in paragraph 31.

32.    Denies the allegations in paragraph 32.

33.    With respect to paragraph 33 of the complaint, NYCHA repeats and realleges the answers in paragraphs 1-32 of this Answer, as if fully set forth here.

34.    Denies the allegations in paragraph 34.

35.    Denies the allegations in paragraph 35.

36.    Denies the allegations in paragraph 36.

## FIRST AFFIRMATIVE DEFENSE

37.     Plaintiff failed to comply with statutory and contractual requirements to serve a timely notice of claim prior to commencing this action.

38.     Accordingly, because a timely notice of claim is a condition precedent to this action, the complaint must be dismissed.

## SECOND AFFIRMATIVE DEFENSE

39.     From January through June of 2007, plaintiff failed to perform supervisory inspections as required under the Agreement.

40.     The Agreement expressly provided for liquidated damages for failure to perform supervisory inspections.

41.     Pursuant to the Agreement, NYCHA assessed liquidated damages against plaintiff for failure to perform supervisory inspections from January through June of 2007.

42.     The complaint seeks to recover the liquidated damages properly assessed against plaintiff for failure to perform supervisory inspections from January through June of 2007.

43.     Accordingly, because plaintiff's recovery is barred by the Agreement, the complaint must be dismissed.

## THIRD AFFIRMATIVE DEFENSE

44.     The complaint fails to state a claim against NYCHA upon which relief may be granted.

## COUNTERCLAIM

45.     From March 2005 through December 2006, plaintiff failed to perform supervisory inspections as required under the Agreement.

46.     The Agreement expressly provided for liquidated damages for failure to perform supervisory inspections.

47.     NYCHA is therefore entitled to recover liquidated damages against plaintiff for failure to perform supervisory inspections from March 2005 through December 2006, in the amount of $400,000.

WHEREFORE, NYCHA respectfully asks this Court to dismiss the complaint against NYCHA with prejudice, and also to grant NYCHA judgment on its Counterclaim in the amount of $400,000, and to grant NYCHA such other and further relief as this Court deems just and proper, including the costs and disbursements of this action.

DATED:     New York, New York
            June 5, 2008

                                    RICARDO ELIAS MORALES
                                    General Counsel
                                    Attorney for Defendant
                                    New York City Housing Authority
                                    250 Broadway, 9th Floor
                                    New York, New York 10007
                                    (212) 776-5089
                                    Stephen.Goodman@nycha.nyc.gov

                                    By: _Stephen W. Goodman_
                                        Stephen W. Goodman (SG4927)

TO:
FUNK & BOLTON, P.A.
Attorneys for Plaintiff
Bryan D. Bolton, Of Counsel
36 South Charles Street, Twelfth Floor
Baltimore, Maryland 21201-3111
(410) 659-7700
bbolton@fblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 5, 2008, a copy of the Answer filed on behalf of

defendant New York City Housing Authority was mailed first class, postage paid, to:

FUNK & BOLTON, P.A.
Bryan D. Bolton, Of Counsel
36 South Charles Street, Twelfth Floor
Baltimore, MD 21201-3111

Attorneys for Plaintiff

Stephen W. Goodman (SG4927)

June 5, 2008